IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DANIELLE MCCOY, et al. | * | |
| Plaintiffs, | * | |
| vs. | * | Civil Action No.  DKC-19-2137 |
| TRANSDEV SERVICES, INC. | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

## **MEMORANDUM OPINION**

This case was assigned to me for discovery and all related scheduling on February 14, 2020 (ECF 37). On February 19, 2021 Plaintiffs filed a Motion for Sanctions for Spoliation alleging that the destruction of ESI by Defendant Transdev entitled Plaintiffs to remedial measures set forth in the requested relief (ECF 130). I have reviewed the Motion, the Response (ECF 146) and the Reply (160).  For the reasons stated below the Motion will be GRANTED in part and DENIED in part.

**Facts**

The mechanics of how the ESI was destroyed is really not in dispute. On April 9, 2019 Plaintiffs served a preservation letter upon Transdev's prior counsel which Transdev concedes it was obligated to honor. Depending on whether you credit Transdev or the deposition testimony of Transdev's former employee Ms. Whitley, her cell phone was wiped clean or otherwise deleted of information either a month or so after the preservation letter in 2019 (Transdev's version) or in July 2020 (Ms. Whitley's deposition testimony). Transdev responds that it had a policy of replacing cell phones every two years which resulted in the potential evidence being destroyed. Transdev also agrees the information on the cell phone cannot be retrieved. The cell phone contained ESI in the form of communications and documents between Ms. Whitley, the general

1

manager for Transdev's contract with the MTA and James Davis of Davi Transportation. The Whitley cell phone also contained communications between Ms. Whitley and four drivers regarding their pay being short. One of those drivers was Plaintiff Massey. While Transdev does not dispute the mechanics of how this happened, it does dispute the degree of culpable conduct, whether the destroyed information was relevant at all and whether the sanctions requested are proportional to the spoliation alleged.

**Analysis**

Spoliation is the "destruction or material alteration of evidence…or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Sylvestri v. Gen. Motors Corp.,* 271 F.3d 583, 590 (4th Cir. 2001). In order to prove that spoliation warrants a sanction, a party must show that: (1) the party having control over the evidence had an obligation to preserve it when it was destroyed or altered; (2) the destruction or loss was accompanied by a culpable state of mind; and (3) the evidence that was destroyed or altered was relevant to the claims or defenses of the party that sought the discovery of the spoliated evidence, to the extent that a reasonable factfinder could conclude that the lost evidence would have supported the claims or defenses of the party that sought it. *Charter Oak Fire Ins. Co. v. Marlow Liquors, LLC*, 908 F. Supp. 2d 673, 678 (D. Md. 2012) (internal citations, quotation marks, and brackets omitted); *see also Sampson v. City of Cambridge, Md.*, 251 F.R.D. 172, 179 (D. Md. 2008).

In the present case, Transdev admits it had control over the evidence and an obligation to preserve it. The first element has been met. Transdev alleges that the cell phone evidence was inadvertently destroyed. "In the Fourth Circuit, for a court to impose some form of sanctions for spoliation, any fault—be it bad faith, willfulness, gross negligence, or ordinary negligence—is a sufficiently culpable mindset." *Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497, 529 (D.

Md. 2010). In the context of spoliation, ordinary negligence is the failure to identify, locate, and preserve evidence, where a reasonably prudent person acting under like circumstances would have done so. *See In re Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 299 F.R.D. 502, 519 (S.D.W. Va. 2014). A finding of gross negligence requires a similar showing as ordinary negligence, but to a greater degree. *Id.* Willfulness and bad faith will only be found where a party has engaged in "intentional, purposeful, or deliberate conduct." *Id.* (quoting *Victor Stanley*, 269 F.R.D. at 529). While bad faith requires the destruction of evidence "for the purpose of depriving the adversary of the evidence," *Goodman v. Praxair Services, Inc.*, 632 F. Supp. 2d 494, 520 (D. Md. 2019), willfulness only requires a demonstration of intentional or deliberate conduct resulting in spoliation. *Buckley v. Mukasey*, 538 F.3d 306, 323 (4th Cir. 2008). There has been no evidence presented that would indicate Transdev destroyed the evidence on the cell phone with the express purpose of depriving Plaintiffs of the evidence in this litigation. Likewise there is no evidence of willful conduct. Therefore, Transdev was either negligent or grossly negligent in wiping the cell phone clean. Plaintiffs have met their burden as to the second element showing Transdev had a culpable state of mind. Clearly the level of culpability relates to the application of sanctions and the degree of sanctions to be applied.

      That leaves us with the third element, put simply – the relevance of the lost information. The relevance of the lost information, is where the Plaintiffs and Transdev part ways. Plaintiffs argue they meet their showing for relevance "if the evidence would have naturally been introduced into evidence" citing *Vodusek v. Bayliner Marine Corp.,* 71 F.3d 148, 156 (4th Cir. 1995). Evidence is relevant if it might have supported Plaintiff's claims. *Eller v. Prince Georges Cty. Pub. Sch.* 2020 WL 7336730 (D.Md. Dec. 14. 2020). Plaintiffs here argue that the lost ESI was relevant because it consisted of Davi drivers' complaints to Transdev about wages and discussions

with James Davis regarding these issues. This lost ESI relates directly to Plaintiffs' allegations that Transdev and Davi were joint employers. Plaintiffs also argue the lost text messages are relevant to show the degree of control and supervision Transdev exercised over the Davi drivers. Put simply, in terms of being an employer, Transdev and Davi were both in the drivers' seat.

Transdev argues that the cell phone data was neither relevant nor prejudicial to Plaintiffs' claims. Transdev argues that none of the cell phone data is relevant because none of the Plaintiffs complained to Ms. Whitley about their wages except Plaintiff Massey who produced the relevant texts from his phone. Transdev also argues that Plaintiffs have failed to reasonably establish a possibility based upon concrete evidence "beyond their fertile imagination" that the lost data would have shown coordination between Davi and Transdev and thus support the joint employer allegations. Transdev makes similar related arguments in their response as well. The Court is not persuaded by these arguments.

What is clear is that Plaintiffs will never know what information was contained on the Whitley cell phone. The Plaintiffs need not prove the content of the information or reconstruct the lost information in order to prove its relevance. That proposition is absurd. The parties agree that information is lost and the actual content unknown. As alleged, the information might have supported the claims of Plaintiffs and therefore, the information was relevant. *Eller, supra*. Plaintiffs have also persuaded the Court that the evidence would have naturally been introduced into evidence. *Vodusek, at* 156. Plaintiffs' claims against Transdev depend on the joint employer status. Evidence of the conversations between Ms. Whitley and Massey, along with three other non-Plaintiff drivers and Ms. Whitley and Mr. Davis would have been admissible to support the joint employer liability claim. Plaintiffs have met the third requirement, the lost information is relevant and prejudicial to Plaintiffs and therefore Plaintiffs are entitled to sanctions.

**Sanctions**

Courts have "broad discretion" to choose a spoliation sanction, but the "applicable sanction should be molded to serve the prophylactic, punitive, and remedial rationales underlying the spoliation doctrine." *Silvestri*, 271 F.3d at 590 (quoting *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999)). Courts may impose a number of types of sanctions for spoliation: "assessing attorney's fees and costs, giving the jury an adverse inference instruction, precluding evidence, or imposing the harsh, case-dispositive sanctions of dismissal or judgment by default." *Victor Stanley*, 269 F.R.D. at 533 (citing *Goodman*, 632 F. Supp. 2d at 506). "When assessing what sanction to impose, courts consider the degree of culpability and the extent of the prejudice, if any." *E.I. du Pont de Nemours & Co. v. Kolon Indus.*, Inc., 803 F. Supp. 2d 469, 499-500 (E.D. Va. 2011). A court must "impose the least harsh sanction that can provide an adequate remedy." *Id.* at 534 (quoting *Pension Comm. of Univ. of Montreal Pension Plan v. Banc of Am. Sec.*, 685 F. Supp. 2d 456, 469 (S.D.N.Y. 2010)).

In this case, there is no evidence to support any intentional conduct by Transdev. Plaintiffs have not provided any proof that the spoliation was deliberately done to prevent Plaintiffs from obtaining it or committed in bad faith to support a willful destruction. Absent proof of willfulness or bad faith. An adverse inference as a sanction is not appropriate. Fed. R. Civ. P. 37(e). In fact, in their Reply, Plaintiffs specifically state they are not seeking an adverse inference instruction. ECF 160 at 9. Therefore, the Court must apply measures no greater than necessary to cure the prejudice. Fed. R. Civ. P. 37(e). *Eller,* at 11.

The *Eller* case provides guidance to the Court in fashioning appropriate sanctions. The Court in *Eller* did not find bad faith or willful destruction of evidence. *Eller,* at 12. Here, it was either negligence or gross negligence in destroying the ESI. If the destruction occurred about a

month or so after the April preservation letter then Transdev would have been negligent in destroying the evidence. If the destruction occurred in July 2020, then Transdev would have had a year to ensure preservation measures were taken and Transdev would have been grossly negligent in spoliating evidence. Here the Court credits the testimony of the user of the phone Ms. Whitley who testified the information was contained on the phone she returned to Transdev in July 2020. Transdev was grossly negligent in failing to preserve ESI after a year of notice and actual knowledge of the ongoing litigation.

Plaintiffs seek several sanctions that, like in *Eller* can be classified as either preclusion orders or a jury instruction. First Plaintiffs seek to preclude Transdev from arguing that any wage violations were not willful, were a result of good faith error, or a bona fide dispute. ECF 130-1, p. 19. The evidence lost here alleges proof of control over employees and joint employer status. It also arguably could provide evidence of knowledge while the violations continued. That proposition is a bit more speculative as it relates to willfulness. While the court recognizes that the lost ESI could go further in helping Plaintiffs prove their claims, the Court disagrees with the first requested sanction. Whether wage violations are willful really should be left to the province of the jury. An order precluding willful violations goes beyond an adequate remedy. *E.I. DuPont de Nemours & Co.* 803 F.Supp. 2d at 534. The first requested sanction is DENIED.

Plaintiffs second requested sanction is an order precluding Transdev from arguing it did not have knowledge that the drivers were not paid according to applicable law. The lost ESI contained conversations between drivers complaining about their pay and Ms. Whitley. The Court agrees in part but the caveat here is that the order should be less restrictive pursuant to Fed. R. Civ. P. 37(e). The Court will modify the request and order that Transdev is precluded from arguing

that Transdev did not have knowledge that Plaintiffs complained of not being paid in accordance with applicable law. The second requested sanction is GRANTED in part and DENIED in part.

Plaintiffs third requested sanction is for an order precluding Transdev from offering any evidence about the lost ESI that has not already been produced in discovery. The Court agrees. Otherwise Transdev will be rewarded for their gross negligence. The third sanction is GRANTED.

The fourth sanction sought by Plaintiffs is for a curative instruction to be provided to the jury regarding the destruction of the ESI. The Court agrees that gross negligence in this instance warrants a jury instruction. The instruction Plaintiffs recommend, while not using the words "adverse inference" is far too detailed and piles on expected evidence that leads one to believe an adverse inference is requested. ECF 130-1, p. 20. While I recommend the presiding judge deliver an instruction, it is up to the presiding judge to determine whether any instruction (and the content of that instruction) is warranted at trial. *Eller,* at 12. The Court recommends an instruction be given but the content of that instruction will depend upon what facts are determined at trial. At this juncture of the litigation it is not feasible for the Court to fashion an instruction in a vacuum. The instruction should include the fact that Transdev destroyed the ESI contained on Ms. Whitley's cell phone. The instruction should not include requesting the jury draw an adverse inference from the spoliation. The fourth sanction is GRANTED in part and DENIED in part.

The request for attorneys' fees and costs incurred in this Motion are awarded to Plaintiffs, Transdev in its response only argues that any sanction other than their variation of Plaintiffs' requested third sanction be denied. Transdev does not argue in opposition to costs and fees. Plaintiffs are directed to file a motion for fees and costs in compliance with D. Md. Local Rules and Appendix B.

**Conclusion**

For the reasons stated herein, Plaintiffs Motion for Sanctions for Spoliation (ECF 130) is GRANTED in part and DENIED in part.  A separate Order will follow.


Date: <u>March 31, 2021</u>                                              <u>         /s/                                         </u>
                                                                                               A.  David Copperthite
                                                                                               United States Magistrate Judge