**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
(Northern Division)

| | | |
|---|---|---|
| DANIELLE McCOY, et al., | * | |
| Plaintiffs, | * | Civil Action No. JMC-19-2137 |
| v. | * | |
| TRANSDEV SERVICES, INC., | * | |
| Defendant. | * | |

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

**PLAINTIFFS' MEMORANDUM IN SUPPORT
OF JOINT MOTION TO APPROVE SETTLEMENT**

Plaintiffs Danielle McCoy, Monica Jones, Connie Jones, Sa'Quan Miller, Tyree Miles, Jawhann Price, Ayana Bluiett, Christina Collins, Jasmine Goodman, Damon Massie, Jr., Teresa Miles, Tyikiava White, and Deandre Banks (collectively, "Plaintiffs") have asserted claims against Defendant Transdev Services, Inc. ("Defendant" or "Transdev") (together with Plaintiffs, "the Parties"), alleging that Transdev jointly employed them and failed to pay them wages owed in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. § 3-401, *et seq.*, the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. § 3-501, *et seq.*, the Maryland Living Wage Law, Md. Code Ann., State Fin. & Proc. § 18-101 *et seq.*, and Maryland common law.  The Parties now jointly move for an Order approving the settlement reached between them ("the Settlement Agreement") and Plaintiffs submit this memorandum in support.[1]

---

[1] Defendant joins in this motion and supports approval but is not submitting a memorandum of law in support of the motion.

I.     **Standard of Review**

Because FLSA claims may not be released without court approval, the Parties' settlement agreement is subject to the Court's review.  *See, e.g.*, *Rivera v. Kantutas Rest., LLC*, No. PWG-17-642, 2018 WL 1992915, at *1 (D. Md. Apr. 27, 2018).  "Although the Fourth Circuit has not addressed the factors to be considered in approving FLSA settlements, district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*."  *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407–408 (D. Md. 2014) (internal quotation marks omitted) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).  Pursuant to *Lynn's Food Stores*, courts consider: "(1) whether there are FLSA issues actually in dispute; (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23; and (3) the reasonableness of the attorneys' fees, if included in the agreement."  *Id.* at 408.  The role of the court is not, however, to "make a proponent of a proposed settlement justify each term of a settlement agreement" or "substitute its own judgment for that of counsel."  *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08-cv-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009).  As long as an FLSA settlement is a "fair and reasonable resolution of a *bona fide* dispute," it merits approval.  *Duprey*, 30 F. Supp. 3d at 408.

II.    **Analysis**

The Parties' Settlement Agreement, attached hereto as Exhibit 1, reflects a reasonable compromise of FLSA issues actually in dispute.  The settlement was reached in an adversarial context in which the Parties were represented by experienced counsel and the totality of the proposed settlement is fair and reasonable.  Finally, the attorneys' fees included in the settlement represent a significant reduction from Plaintiffs' counsel's Lodestar fees and are thus reasonable.

## A.  The settlement reflects a compromise over issues actually in dispute.

"In deciding whether a *bona fide* dispute exists as to a defendant's liability under the FLSA, courts examine the pleadings in the case, along with the representations and recitals in the proposed settlement agreement." *Duprey*, 30 F. Supp. 3d at 408.  A *bona fide* dispute as to the plaintiff's rate of pay and hours worked suffices to establish this requirement.  *Id*.

In its ruling on the Parties' cross-motions for summary judgment, the Court resolved several significant FLSA issues as a matter of law.  Nevertheless, substantial FLSA fact disputes remain between the Parties, including (1) Plaintiffs' dates of employment, (2) Plaintiffs' weekly hours worked, (3) the amount of pay that Plaintiffs received, and (4) various issues concerning both liability and damages with respect to Plaintiff Banks, who was not a driver and was not included in the Court's FLSA determinations in its summary judgment decision.  In addition, each Party disagrees with certain of the Court's conclusions in its summary judgment ruling and, if the case proceeded to trial, would likely appeal those issues.

The language of the settlement agreement demonstrates the *bona fide* nature of these disputes.  Plaintiffs maintain that their claims are meritorious, while Transdev continues to deny all liability—including by denying that it was Plaintiffs' joint employer.  *See* Ex. 1, Settlement Agreement, at ¶ 6.  The Parties state that they are settling Plaintiffs' claims to avoid the time, expense, and uncertainty of continuing litigation, not because they now agree on any significant questions of liability or damages.  *Id.*; *see also Lomascolo*, 2009 WL 3094955, at *17 (finding a *bona fide* dispute where "in the Settlement Agreement Defendants specifically deny the allegations in the Lawsuit, including all claims of liability and damages" and "Plaintiffs and the Defendants claim that their desire to enter into this Settlement Agreement flows from their desire

to avoid the uncertainty, inconvenience and cost of litigation"). Therefore, the proposed

settlement agreement reflects a compromise of FLSA issues actually in dispute.

### B.  The settlement reflects a fair and reasonable compromise.

In determining the fairness and reasonableness of an FLSA settlement, courts analyze

several factors derived from Federal Rule of Civil Procedure 23:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of counsel; and (6) the probability of plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery.

*Duprey*, 30 F. Supp. 3d at 408–09 (internal punctuation omitted). Application of these factors

weighs in favor of the Court's approval of the Parties' settlement.

### 1.  Extent of discovery conducted

The purpose of this factor is to determine whether "the Parties had adequate time to

conduct sufficient discovery to fairly evaluate the liability and financial aspects of the case."

*Lomascolo*, 2009 WL 3094955, at *11 (internal punctuation omitted). Here, the Parties engaged

in the full range of discovery. Defendant deposed nearly every Plaintiff and Plaintiffs produced

documents, served multiple rounds of interrogatory answers, and answered requests for

admission. Ex. 2, Decl. of David Rodwin ¶ 12. Plaintiffs deposed three of Transdev's corporate

designees and a former Transdev manager. *Id.* Defendant provided answers to Plaintiffs'

interrogatories and requests for admissions, and responses to Plaintiffs' requests for production.

*Id.*

This extensive discovery provided Plaintiffs with a robust record, which they relied on to

prove a number of issues at summary judgment, including that (1) Transdev employed Plaintiffs,

(2) Plaintiffs were entitled to minimum and overtime wages under the FLSA, MWHL, and

4

MWPCL, (3) Plaintiffs were entitled to liquidated damages, (4) Plaintiffs were entitled to the full three-year statute of limitations for their FLSA claims.  ECF 193.  Succeeding on these fact-intensive issues at summary judgment is rare for a plaintiff in these types of cases and the extent of discovery conducted contributed to that success.  Additionally, the amount of discovery exchanged enabled Plaintiffs to estimate how much they believed Transdev owed them in regular and overtime wages, a figure that Plaintiffs relied on during settlement negotiations.  Ex. 2, Rodwin Decl. ¶¶ 12-13.  The total proposed settlement, excluding attorneys' fees, represents 2.175 times this figure of estimated wages.  *Id*. ¶ 13.  The Parties have thus had adequate opportunity to engage in discovery on matters of both liability and damages.

### 2.  Stage of the proceedings

This second inquiry analyzes whether the "proceedings advanced to a stage sufficient to permit the Parties and their counsel to obtain and review evidence, to evaluate their claims and defenses and to engage in informed arm's-length settlement negotiations with the understanding that it would be a difficult and costly undertaking to proceed to the trial of this case."  *See Lomascolo*, 2009 WL 3094955, at *11.  With discovery completed and a Memorandum Opinion on cross-motions for summary judgment issued, the Parties have had adequate opportunity to review evidence, evaluate their claims and defenses, and obtain the Court's ruling on many of those claims and defenses.

Given the circumstances—including a trial necessary to resolve a range of significant remaining issues—Plaintiffs decided to accept a settlement providing them with 2.175 times the maximum amount of unpaid regular and overtime wages they could recover at trial.  Having proceeded through summary judgment, the Parties have determined that proceeding through trial

and possible appeals would be unduly costly and time-consuming.  The Parties wish to resolve this dispute to avoid additional expense and uncertainty.

### 3.   Absence of fraud or collusion in the settlement

"There is a presumption that no fraud or collusion occurred between counsel, in the absence of any evidence to the contrary."  *Lomascolo*, 2009 WL 3094955, at *12.  No such evidence exists here.  Defendant vigorously contested the claims in this suit at every stage, and the settlement agreement was procured after years of hard-fought litigation by arm's-length negotiations in the context of a settlement conference conducted by U.S. Magistrate Judge Coulson.  All Parties were represented by counsel.  Plaintiffs' attorneys advised Plaintiffs throughout the negotiations—including on the components and bases of offers and counteroffers and the risks of litigation given the record—and took direction from their clients as to how to proceed.  Ex. 2, Rodwin Decl. ¶ 13.

### 4.   Experience of Plaintiffs' counsel

Plaintiffs' counsel is competent and experienced in handling federal court litigation in general and FLSA litigation in particular.  David Rodwin and Sally Dworak-Fisher of the Public Justice Center ("PJC") have considerable "prior involvement in federal litigation in this district," including FLSA litigation.  *Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *5 (D. Md. June 13, 2013); *see* Ex. 2, Rodwin Decl. ¶¶ 3, 5.  Outten & Golden ("O&G") is nationally recognized for its expertise in litigating complex wage and hour cases on behalf of workers in Maryland and around the country, including cases involving the misclassification of workers and unpaid wages.  Ex. 3, Young Decl. ¶ 5.  Plaintiffs' counsel used this experience to frame the legal theories underlying the Complaint, draft the pleadings, conduct depositions and

manage discovery, brief and obtain partial summary judgment on various issues, and finally to negotiate a resolution of this matter.

### 5.   Opinion of counsel

Plaintiffs' counsel discussed and recommended the settlement to Plaintiffs, all of whom agreed to it and signed it following counsel's plain-language explanation of its terms.  Ex. 2, Rodwin Decl. ¶ 13; *see Saman*, 2013 WL 2949047, at *5 (finding that Plaintiffs' counsel's averment that "he provided his client with a copy of the Agreement, explained its provisions in lay terms, and recommended that she accept the Agreement, which she did, without objection," lent further support to its reasonableness).  Plaintiffs' counsel believe the proposed settlement to be an excellent one for Plaintiffs.  *See* Ex. 2, Rodwin Decl. ¶ 13; Ex. 3, Young Decl. ¶ 12.

### 6.   Probability of success on the merits and the amount of the settlement in relation to the potential recovery

The Settlement Agreement here does not compromise Plaintiffs' FLSA claims.  The Settlement Agreement provides Plaintiffs with 2.175 times the unpaid wages they contend they are owed under the FLSA.  Ex. 2, Rodwin Decl. ¶ 13.  This settlement amount represents the maximum amounts Plaintiffs could recover under the FLSA—the full sum of Plaintiffs' estimates of their unpaid wages plus an equal sum of liquidated damages pursuant to 29 U.S.C. § 216(b)—*plus* an additional sum deriving from Plaintiffs' argument that they would receive treble damages under the MWPCL.

The risks of continued litigation counsel Plaintiffs in favor of settlement now.  There is uncertainty as to how a jury would determine the remaining issues at trial, including (1) Plaintiffs' dates of employment, (2) Plaintiffs' weekly hours worked, (3) the amount of pay that Plaintiffs received, (4) whether Plaintiffs are entitled to treble damages, and (5) issues concerning liability and damages with respect to Plaintiff Banks.  Each of these issues would

affect the amounts of unpaid wages and damages Plaintiffs could receive.  There is further uncertainty as to whether a jury would award damages beyond liquidated damages under the MWPCL and, if so, how much.  For these reasons, Plaintiffs are willing to accept a compromise that reduces their maximum possible recovery under the MWPCL.  *See Duprey*, 30 F. Supp. 3d at 409–10 (approving FLSA settlement that awarded Plaintiff 78% of his alleged unpaid wages, and no liquidated damages).

In the Parties' proposed settlement, Defendant has agreed to pay Plaintiffs a total of $412,099.08, exclusive of attorneys' fees and costs.  The recovery to each individual Plaintiff is set forth in Exhibit A of the proposed Settlement Agreement.  This allocation of damages accords with Plaintiffs' damages estimates, which are based on Plaintiffs' own recollections and on information obtained through discovery.  To avoid the risks of continued litigation discussed above, as well as the likelihood of a prolonged delay in obtaining any court-awarded recovery given the expected length of trial and the likelihood of appeal, Plaintiffs prefer to settle for this amount now.

### 7.   Attorneys' fees to Plaintiffs' counsel.

The final consideration for the Court in its review of an FLSA settlement agreement is the reasonableness of the proposed award of attorneys' fees.  *Duprey*, 30 F. Supp. 3d at 411. Fees are reasonable if they reflect the Lodestar amount, "defined as a reasonable hourly rate multiplied by hours reasonably expended."  *Id.* at 412 (internal quotation marks and citations omitted).  Reasonableness is a function of several factors:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of

the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Saman*, 2013 WL 2949047, at *6.

The Parties' proposed Settlement Agreement allocates $585,000 for attorneys' fees and costs. Plaintiffs' counsel have incurred more than $26,512.92 in costs related to deposition transcripts, service of process, filing fees, computerized research, e-discovery document housing, and copying. Ex. 3, Young Decl. ¶ 6. These costs were reasonable, compensable, and necessary to the conduct of the litigation. *Id.*

Using rates provided in Appendix B of this district's Local Rules, Plaintiffs' counsel has incurred more than $642,336 in fees. Ex. 2, Rodwin Decl. ¶¶ 7-8; Ex. 3, Young Decl. ¶ 8. Thus, the $585,000 allocated to fees and costs covers the costs incurred plus just 91% of the fees Plaintiffs' counsel would be entitled to under the presumptively reasonable Lodestar method. This reflects a significant compromise and further demonstrates the overall fairness of the proposed settlement agreement for the Plaintiffs.

Fees sought for work performed by PJC attorney David Rodwin are based on his hourly rate of $265. Ex. 2, Rodwin Decl. ¶ 6. Fees sought for work performed by former PJC attorney Sally Dworak-Fisher are based on her hourly rate of $435. *Id.* Fees sought for work performed by PJC paralegals Lena Yeakey and Sosi Lepejian are based on their respective hourly rates of $115 and $120. *Id.* These rates are within the ranges set forth in Appendix B to the Local Rules, which "are presumptively reasonable for lodestar calculations." *Duprey*, 30 F. Supp. 3d at 412 (internal quotation marks and citations omitted).

For purposes of the fees sought in this settlement, O&G applied the hourly rates set forth in Appendix B for all of its timekeepers, including $350 per hour for Chauniqua D. Young; $300

per hour for Hannah Cole-Chu; and $150 per hour for paralegal Rania Tootla.  These rates are far lower than the usual and customary hourly rates paid by O&G's fee-paying clients. Ex. 3, Young Decl. ¶¶ 7-8.

## III.    Conclusion

The Parties respectfully request that the Court grant this Motion and approve the proposed settlement.

Dated: October 5, 2022                        Respectfully submitted,

                                        _____/s/_____
                                        David Rodwin (Fed. Bar No. 18615)
                                        THE PUBLIC JUSTICE CENTER
                                        201 North Charles Street, Suite 1200
                                        Baltimore, MD 21201
                                        Tel: (410) 625-9409
                                        Fax: (410) 625-9423
                                        rodwind@publicjustice.org

                                        Chauniqua Young (admitted pro hac vice)
                                        Darnley Stewart (admitted pro hac vice)
                                        Hannah Cole-Chu (Fed. Bar No. 20747)
                                        Outten & Golden LLP
                                        601 Massachusetts Avenue NW, Suite 200W
                                        Washington, DC 20001
                                        Tel: (202) 847-4400
                                        Fax: (646) 509-2078
                                        cyoung@outtengolden.com
                                        ddsrah3193@gmail.com
                                        hcolechu@outtengolden.com

                                        *Attorneys for Plaintiffs*